# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1970

_____

Fernando Lopez-Flores,                          *
                                                *
                Petitioner,                     *
                                                *
        v.                                      *
                                                *    Petition for Review of an Order
Department of Homeland Security;                *    of the Bureau of Immigration and
Bureau of Immigration and                       *    Customs Enforcement.
Customs Enforcement; Bureau of                  *
Citizenship & Immigration                       *
Services; Gerard Heinauer, District             *
Director; Ben Bandanza, Assistant               *
District Director of Detention and              *
Deportation,                                    *
                                                *
                Respondents.                    *


_____

Submitted:  March 12, 2004
        Filed:  October 28, 2004 (Corrected: 10/29/04)

_____

Before WOLLMAN, FAGG, and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

        Fernando Lopez-Flores petitions this court for review of an order entered by
the Bureau of Immigration and Customs Enforcement (BICE), reinstating his prior

order of deportation and ordering his removal under § 241(a)(5) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1231(a)(5), enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009-546 (1996).[1]  We have jurisdiction to review the reinstatement of a prior deportation order pursuant to § 242 of the INA, 8 U.S.C. § 1252 (2000).  For the reasons stated below, we grant the petition for review and vacate the reinstatement of the deportation order.

## I.  Background

Lopez-Flores, a citizen of Mexico, illegally entered the United States without inspection in August of 1992.  In December of 1992, the Immigration and Naturalization Service (INS) found him to be a deportable alien and issued an order allowing Lopez-Flores to depart voluntarily prior to March 7, 1993. Lopez-Flores did not depart prior to that date.  In April of 1994, the INS entered an order of deportation, and on May 3, 1994, Lopez-Flores departed the United States.

On April 3, 1995, less than one year later, Lopez-Flores illegally reentered the United States.  In December of 1995, Lopez-Flores and his sponsoring employer filed an application for work authorization – Alien Employment Certification – with the Department of Labor.  It was not until February 5, 2001, over five years after the initial application, that the Department of Labor approved the Alien Employment Certification.  While the application was pending, Congress enacted § 241(a)(5) of the INA, which became effective on April 1, 1997.  In June of 2001, Lopez-Flores's employer filed a Petition for Alien Worker – Form 140.  In July of 2001, the INS approved the Petition for Alien Worker, but noted that "[t]he evidence indicates that

_____

[1]For the sake of uniformity, we will cite to the INA section numbers throughout with an initial cross-reference to their very different section numbers in Title 8 of the United States Code.

[Lopez-Flores] is not eligible to file an adjustment of status application." (Petitioner's App. at 20.)

In January of 2002, based on the approval of his employment-based immigrant petition, Lopez-Flores filed an application to adjust status to legal permanent resident – Form 485 – representing that he had never been ordered removed from the United States. On February 27, 2003, the INS denied the application, noting that Lopez-Flores was ineligible for an adjustment of status under § 212 of the INA, 8 U.S.C. § 1182(a)(9)(C), because he was an alien who was previously unlawfully present in the United States for more than one year and who had subsequently reentered the United States illegally. Lopez-Flores filed a timely notice of appeal with the Administrative Appeals Unit of the INS arguing that he was wrongfully denied the opportunity to file a Form I-212[2] in conjunction with his Form 485. (Ad. R. at 120.) Lopez-Flores had no opportunity to pursue this appeal because on April 10, 2003, the BICE[3] served him with a notice of intent to reinstate his prior deportation order pursuant to § 241(a)(5). Lopez-Flores filed a petition for review and a motion for a stay of removal. This court denied the motion, and he was deported on June 23, 2003. Relying on our decision in Alvarez-Portillo v. Ashcroft, 280 F.3d 858 (8th Cir. 2002), Lopez-Flores argues that § 241(a)(5) has an impermissible retroactive effect when applied to disallow aliens like himself, who

---

[2]Pursuant to 8 C.F.R. § 212.2, an alien who is otherwise inadmissible under § 212, for failing to seek permission to reenter the United States after a prior deportation, may file Form I-212 for nunc pro tunc permission to reenter in conjunction with an application for adjustment of status. The approval of Form I-212 retroactively cancels the disqualifying effect of the prior deportation.

[3]Effective March 1, 2003, the Immigration and Naturalization Service ceased to exist, and its interior enforcement functions were transferred to the Department of Homeland Security, Bureau of Immigration and Customs Enforcement (BICE). See Homeland Security Act of 2002, Pub. L. No. 107-296, § 441, 116 Stat. 2135, 2178 (2002).

reentered the United States prior to the effective date of that amendment, from seeking discretionary adjustment of status as a defense to the reinstatement of deportation.

## II. Discussion

In Alvarez-Portillo, we held that § 241(a)(5), under which an alien subject to reinstatement may not apply for any relief "under this chapter" of the INA, could not be applied retroactively to an alien who had illegally reentered the United States prior to the enactment of the IIRIRA because that alien had a "reasonable expectation" that he could apply for adjustment of status as a defense to removal. Id. at 867. Under pre-IIRIRA administrative practice, aliens in deportation proceedings were allowed to defend against removal by seeking and obtaining an adjustment of status to lawful permanent resident. Alvarez-Portillo illegally reentered the United States and married a United States citizen prior to the enactment of § 241(a)(5). We noted that Alvarez-Portillo's marriage to a United States citizen "would have made him a likely candidate for adjustment of status," id. at 862, and that "[u]nder prior law, Alvarez-Portillo had a reasonable expectation he could either file for a discretionary adjustment of status, or wait and seek the adjustment as a defense to a later deportation proceeding," id. at 867. Because § 241(a)(5) eliminated this potential defense, we concluded that § 241(a)(5) had an impermissible retroactive effect on Alvarez-Portillo's reinstatement and removal proceeding.

Respondents seek to distinguish this case from Alvarez-Portillo on two bases. First, Respondents argue that Lopez-Flores could not have had a "reasonable expectation" of receiving an adjustment of status prior to the enactment of § 241(a)(5) because his application for work authorization had not yet been approved and because his application for adjustment was based on his employment status rather than his marriage to a United States citizen, as was the case in Alvarez-

4

Portillo. Specifically, Respondents note that the process to receive an employment-based visa is much more complicated and lengthy than the process to receive an immediate relative visa. While we agree that this fact may have some effect on the success of such a defense, it has no bearing on the reasonableness of Lopez-Flores's expectation that the opportunity to pursue such a defense would be available to him in later instituted deportation proceedings. Had Respondents shown that Lopez-Flores's application for adjustment of status was utterly without merit or that such relief was unavailable to him as a matter of law prior to the enactment of § 241(a)(5), we would conclude that any retroactive application of § 241(a)(5) was harmless error. However, the fact that Lopez-Flores may have been a weaker candidate than Alvarez-Portillo for discretionary adjustment of status does not change the fact that he had a reasonable expectation that such a defense would be available to him to assert in a subsequent deportation proceeding. Cf. Alvarez-Portillo, 280 F.3d at 867 ("There is a clear difference . . . between facing possible deportation and facing certain deportation.") (internal marks omitted).

This brings us to the second distinguishing fact in this case. Unlike Alvarez-Portillo, who merely intended or attempted to file an application for adjustment of status, Lopez-Flores had already applied for, and was denied, an adjustment of status prior to his reinstatement deportation proceeding. Thus, in this appeal, Lopez-Flores essentially seeks relief that he has already received – an opportunity to be considered for discretionary adjustment of status. Nevertheless, absent the effect of § 241(a)(5), Lopez-Flores would have had the opportunity to renew his application for adjustment of status in the context of a subsequent deportation proceeding. See 8 C.F.R. § 245.2(a)(5)(ii); Cardoso v. Reno, 216 F.3d 512, 518 (5th Cir. 2000) (dismissing a direct appeal from the immigration judge's denial of an alien's request for adjustment of status, noting that she had to first exhaust her administrative remedies by renewing her request upon the commencement of removal proceedings); Randall v. Meese, 854 F.2d 472, 474-75 (D.C. Cir. 1988) ("Should the alien fail to gain adjustment [in his initial application], he is entitled to a de novo review of his

5

application in the context of deportation proceedings."), cert. denied, 491 U.S. 904 (1989). In a deportation proceeding, the alien is accorded a plenary hearing; he has the right to be represented by counsel, to introduce evidence, and to cross-examine witnesses. 8 U.S.C. § 1229a; 8 C.F.R. § 1240.10. Thus, although Lopez-Flores's initial application for adjustment of status was denied and he had no opportunity to pursue his administrative appeal, absent the § 241(a)(5) provisions, he would have had an opportunity to renew his application in the context of a subsequent deportation proceeding. We conclude that he has the right to do so now.

Respondents argue that we need not remand to allow Lopez-Flores another opportunity to pursue adjustment of status because Lopez-Flores is ineligible for that relief as a matter of law under both the current and the prior versions of the statute. Compare 8 U.S.C. §1182(a)(9)(C) (2000) (stating in relevant part that aliens who are inadmissible based on their unlawful presence in the United States for more than one year or their reentry after a prior order of deportation are ineligible to receive visas and ineligible to be admitted to the United States unless they wait at least ten years to reenter), with 8 U.S.C. § 1182(a)(6)(B) (1994) (declaring aliens who have been "arrested and deported" to be inadmissible, absent the consent of the Attorney General, unless they wait at least five years to reenter). Even if these provisions do apply to make Lopez-Flores ineligible for adjustment of status, the INA and its accompanying regulations contain at least one waiver that serves to forgive a prior deportation that would otherwise disqualify an applicant for adjustment of status. Pursuant to 8 C.F.R. § 212.2(a),[4] an individual seeking an adjustment of status may

---

[4]Although this administrative provision generally provides that an alien seeking permission to reapply for admission must have resided outside of the United States for five consecutive years after the date of removal, 8 C.F.R. § 212.2(a), the provision goes on to state that "any alien who is seeking to enter the United States prior to the completion of the requisite [five-year] absence, must apply for permission to apply for readmission to the United States as provided under this part." Id. Thus, Lopez-Flores is not barred from applying for a waiver under this section.

6

petition the Attorney General to remove the prior deportation disqualifications contained in 8 U.S.C. § 1182. In his administrative appeal from the denial of his application to adjust status, Lopez-Flores argued that he was wrongfully prevented from filing for a § 212 waiver.[5] Although Lopez-Flores is not automatically entitled to this waiver, the possibility of receiving such discretionary relief demonstrates that he is not absolutely ineligible for adjustment of status.

Because we recognize that this discretionary waiver may have allowed Lopez-Flores to escape from his apparent statutory ineligibility, and because an agency should have the first opportunity to interpret and apply its own regulations, especially those involving such a degree of discretion, we conclude that the most appropriate resolution in this case is to allow Lopez-Flores to raise this defense in a new deportation proceeding. We vacate the reinstatement of the prior deportation order and remand for further proceedings not inconsistent with this opinion.

_____

[5]Interestingly, it is through the § 212 waiver process that Alvarez-Portillo was eligible to renew his adjustment of status application after we vacated the initial reinstatement order in that case. (Br. for Petitioner at 19-20, Alvarez-Portillo v. Ashcroft, 280 F.3d 858 (8th Cir. 2001) (No. 01-1430).)